ORTIZ, DEMANDANTE Y APELANTE, *v.* MARI, DEMANDADO Y APELADO.

Apelación procedente de la Corte de Distrito de Mayagüez en pleito sobre cobro de dinero.

No. 2635.—Resuelto en febrero 12, 1923.

ARRENDAMIENTO DE SERVICIOS—CAUSA DE ACCIÓN—PRECIO CIERTO.—Aduce hechos suficientes para establecer la causa de acción que nace del artículo 1447 del Código Civil, una contrademanda en la que se alega que el demandante convino en pagar al contrademandante por los servicios de éste cierto tanto por ciento que fijarían más tarde las partes de acuerdo con las costumbres y usos locales. Del hecho de que se alegara un precio indefinido no puede concluirse que no se alegó precio cierto.

ID.—VALOR RAZONABLE DE LOS SERVICIOS.—Probado en este caso que el agente prestó valiosos servicios a su principal mediante la oferta que le hiciera éste de pagarle un tanto por ciento que se fijaría en el futuro, es necesario concluir que el 5 por ciento de los beneficios es un tipo razonable y está de acuerdo con los usos y costumbres del país.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. J. Sabater.*

Abogados del apelado: *Sres. Benet & Souffront.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En este caso los hechos declarados probados y opinión de la corte sentenciadora fueron los siguientes:

"El presente pleito se inició ante esta corte mediante demanda establecida por don *Juan Ortiz Perichi* v. *Ernesto Mari* en cobro de dinero por la suma de $3,001.95, procedente de un café tomado por el señor Mari del señor Perichi.

"A esta demanda contestó el demandado aceptando casi todos sus hechos a excepción de una pequeña diferencia en la liquidación de dicho café, pero alegando que el mismo había sido tomado a cuenta de una liquidación por servicios prestados por el demandado al demandante, la cual no había sido efectuada aún; y además, estableció dicho señor Mari contrademanda reclamando del señor Perichi por servicios prestados a dicho señor como apoderado y administrador de sus bienes, desde el año 1913, hasta Junio de 1920, la suma de $11,217.75 o sea el cinco por ciento de los beneficios líquidos obtenidos por el contrademandado señor Perichi durante el tiempo indicado, los cuales ascendían a la suma de $224,355.50, y solicitando de la corte que al deducir de dicha suma el importe del café tomado a cuenta, condenase a dicho contrademandado a satisfacer al contrademandante la suma de $8,258.03, más el interés legal de dicha suma desde la interposición de la contrademanda y las costas del pleito.

"Esta contrademanda fué contestada por el demandante y contrademandado aceptando el montante total de los beneficios obtenidos durante las fechas fijadas en la contrademanda, pero negando que el contrademandante tuviere derecho a remuneración alguna por los servicios alegados, y negando asimismo la prestación de tales servicios por parte del contrademandante, alegando que el contrademandante sólo actuó como tenedor de libros del contrademandado por lo cual obtenía un sueldo fijo.

"Dado lo extensa de las alegaciones de ambas partes, la corte omite el reproducirlas en esta opinión, pero se contrae a las mismas, así como a la prueba practicada en el juicio.

"El juicio de este caso tuvo lugar el día 6 de Abril del corriente año, representado el demandante y contrademandado por su abogado Ledo. José Sabater, y el demandado y contrademandante por los suyos Benet & Souffront, habiéndose practicado prueba documental y testifical y sometido el caso mediante argumentación oral de los abogados de ambas partes.

"De la prueba practicada, así como de las alegaciones de las partes en cuanto éstas constituyeron admisiones pertinentes al derecho de las partes, la corte llegó a las siguientes conclusiones:

"Que en el mes de mayo del año 1913, y en necesidad el contrademandado señor Perichi de ausentarse de la Isla de Puerto Rico por tiempo ilimitado, nombró apoderado y administrador de sus bienes al contrademandante señor Mari en unión de don Miguel

Juan Llaneras, lo cual fué formalizado mediante escritura pública de 13 de mayo del mismo año y consta en los autos del pleito.

"Que el apoderado señor Llaneras, nunca hizo uso alguno de dicho poder ni actuó como tal administrador, lo que consta por la escritura de revocación de poder otorgada por el propio señor Perichi y que se encuentra unida a los autos y que fué presentada como prueba.

"Que el contrademandante señor Mari se hizo cargo de todos los asuntos y administración de los bienes del señor Perichi, tales como recaudar rentas, gestionar préstamos hipotecas, compra y venta de café y otros frutos, cobros, etc. mediante la oferta de dicho señor Perichi de pagarle un tanto por ciento de los beneficios que se obtuvieran de acuerdo con el valor razonable de dichos servicios; ocupándose como se ocupaba dicho señor Mari para ganarse su subsistencia de idéntica clase de negocios, a los que le fueron entregados por el señor Perichi, o sea a los que dicho señor Perichi se dedicaba.

"Fué aceptado por las partes que el señor Perichi obtuvo como beneficios líquidos desde el año 1913 hasta junio de 1920, en sus negocios la suma de $224,355.50; pero en el acto del juicio hubo cierta incongruencia entre las pruebas y las alegaciones con respecto a los beneficios correspondientes al año 1913, por lo que solamente quedaron en pié no sujetos a discusión alguna, los correspondientes a los años 1914 hasta julio de 1920, ascendentes a la suma de $202,858.79.

"Encuentra probado la corte que no solamente durante el tiempo que estuvo ausente de Puerto Rico el señor Perichi, sino hasta junio de 1920, el contrademandante señor Mari actuó como apoderado, agente y administrador de dicho contrademandado Perichi contribuyendo con sus conocimientos, actividad, gestiones y consejos a las ganancias anteriormente relacionadas y que fueron realizadas por el contrademandado señor Perichi.

"Que dicho señor Mari actuó siempre en beneficio del contrademandado, siendo un celoso leal y entendido administrador, dedicándole todo el tiempo necesario a los negocios del señor Perichi, y viéndose obligado a trabajar hasta altas horas de la noche, y aún en días festivos, estudiando todos y cada uno de los negocios de dicho señor Perichi, bien como su apoderado o como administrador, negociando y agenciando préstamos hipotecarios y de otra índole, negociando, agenciando y atendiendo a la compra y venta de café y otros frutos propios del negocio, así como a cobros y vencimientos.

"La corte, también encuentra probado que el valor razonable

de los servicios prestados por el contrademandante al contrademandado montan como mínimum al 5% de los beneficios obtenidos por el contrademandado en sus negocios durante el tiempo en que el contrademandante fué su apoderado, agente y administrador, y que tal tanto por ciento, se encuentra ajustado a los usos y costumbres del país.

"Por los fundamentos anteriormente expuestos, y otros que sería prolijo enumerar, la corte es de opinión que la Ley y los hechos están en contra del demandante y contrademandado Juan Ortiz Perichi y a favor del demandado y contrademandante Ernesto Mari Rodríguez, y en su consecuencia que debe dictarse una sentencia que declare que el contrademandado es en deber al demandado y contrademandante la cantidad de $10,142.93, o sea el cinco por ciento de los beneficios obtenidos por el demandante Juan Ortiz Perichi durante los años 1914 hasta Junio de 1920, de los que deberá deducirse la suma de $3,001.95 valor del café entregado por el demandante y contrademandado Perichi al demandado y contrademandante señor Mari, y deducir de la misma cantidad de $180 que confesó haber recibido a cuenta del demandante y contrademandado, señor Perichi según la alegación quinta de la contrademanda, quedando un balance a favor del señor Mari de seis mil novecientos sesenta dólares, noventa y ocho centavos, ($6,960.68) que deberá pagar el contrademandado Perichi al contrademandante, señor Mari más el interés legal de dicha suma desde el día 16 de octubre de 1920, hasta su total solvento y además las costas, desembolsos y honorarios de abogado de este pleito.''

Este es otro de los muchos casos en el cual el apelante ha dejado de presentar un señalamiento de errores y por tanto sólo consideraremos los puntos más salientes de la apelación.

No podemos convenir con el apelante en que la contrademanda en este caso depende exclusivamente de un tanto por ciento por los servicios prestados (*quantum meruit*). El párrafo dos de la misma alega que las partes convinieron en cierto tanto por ciento de los beneficios el cual había de fijarse más tarde entre las partes, de acuerdo con las costumbres y usos de la localidad. Estamos de acuerdo en que esto era algo indefinido, pero había un convenio específico para una compensación. En el caso de *García* v. *Cañada*, 11 D.

P. R. 421, citado por el apelante, no se probó ningún contrato ni convenio sobre compensación. Un comentario semejante es aplicable al caso de *Agosto* v. *Woods,* 13 D. P. R. 369. El artículo 1447 del Código Civil en el cual se funda el apelante, prescribe lo siguiente:

"Art. 1447.—En el arrendamiento de obras o servicios, una de las partes se obliga a ejecutar una obra, o a prestar a la otra un servicio por precio cierto."

Alega la contrademanda un precio cierto o convenio, aunque la suma exacta es indeterminada.

Sostiene el apelante que la corte inferior incurrió en error al declarar probado que hubo un convenio expreso entre las partes para una remuneración. Esta es la cuestión más importante en el caso. ¿Existió tal convenio? El apelante llama la atención al hecho de que el apelado estaba empleado con el apelante como tenedor de libros y que los servicios prestados, aunque eran importantes, estaban comprendidos en los deberes del empleo y por los cuales el apelado recibía la suma de $10 mensuales; que el apelante estaba continuamente prestando al apelado dinero para varios fines; que el apelado tenía una sociedad con el apelante, en la cual el primero ganó dinero; que el apelado en la misma época trabajaba con otro comerciante de quien obtuvo la suma de $8,597.33, y otras alegaciones. Sostiene asimismo el apelante que es algo sospechoso que el apelado haya dejado pasar tantos años sin presentar un estado de cuenta, especialmente si se tiene en cuenta que durante todo este tiempo el apelado hacía liquidaciones semanales de sus cuentas con el apelante. Aceptamos que la prueba no es tan satisfactoria como pudiera serlo, y quizá si fuera un caso de primera impresión podríamos tener fuertes dudas.

Las partes, sin embargo, comparecieron ante la corte inferior y dicha corte dió crédito a la manifestación hecha por el apelado. El no haberse presentado antes una reclamación

se explica por las alegadas constantes promesas del apelante de hacer un buen arreglo. El hecho de haber aceptado el apelado un empleo con Gregory demuestra que dicho apelado no era un mero empleado del apelante y que fácilmente podía prestar servicios extraordinarios aparte de su empleo como tenedor de libros. El trabajo efectivamente realizado era esencialmente de naturaleza distinta.

De los autos en conjunto llegamos a la conclusión de que el apelado prestó los servicios más valiosos por los cuales debe considerarse que el 5% es un tipo razonable, equitativo y como declaró probado la corte inferior, está de acuerdo con los usos y costumbres del país.

La sentencia debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.